UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL BARKER, TAB BACHMAN, AND WILLIAM YINGLING, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC,<br><br>Defendant. | No. 2:16-cv-01532-TLN-CKD<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO STAY** |

This matter is before the Court pursuant to Plaintiffs Bill Barker, Tab Bachman, and William Yingling's ("Plaintiffs") Motion to Stay. (ECF No. 57.) Defendant Swift Transportation Company of Arizona, LLC ("Defendant"), opposes the motion. (ECF No. 58.) For the reasons set forth below, Plaintiffs' Motion to Stay is DENIED.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs filed a purported Class Action Complaint in the Superior Court of California, Sacramento County, on April 1, 2016, asserting various wage and hour causes of action. (ECF No. 1 at 1–2.) Defendant filed its Notice of Removal July 5, 2016, removing the case to this Court. (ECF No. 1.) On November 16, 2017, Defendant filed a Motion for Summary Judgment that is still pending before the Court. (ECF No. 39.) Plaintiffs provided a Notice of Related Case

1

on December 11, 2017 (ECF No. 53), and subsequently filed a Motion to Stay (ECF No. 57) pending an outcome in the related case of *Fritsch v. Swift*, case no. 5:17-cv-02226-JGB-SPx.[1] Pursuant to this Court's August 20, 2019 Minute Order (ECF No. 77), the parties filed a Joint Status Report ("JSR") addressing whether Plaintiffs' Motion to Stay was rendered moot by new developments in the related case. (ECF No. 79.) The arguments set forth in that JSR go well beyond the Court's intent, and in fact seem to argue the merits of the stay beyond the question of mootness. (*Id.*) While it appears to this Court the certification of the *Fritsch* class by the Superior Court of San Bernardino is valid, it is not the intention of the Court to argue the merits of that certification, nor is that the issue before the Court. In any event, the parties dispute whether the motion is moot. (ECF No. 79 at 5–6.) Based on the parties' respective arguments set forth in the JSR, the Court finds the motion is not moot, and so addresses that motion herein.

## II. STANDARD OF LAW

The Court has broad discretion in deciding whether to issue a stay. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket . . . . [This] calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). More specifically, "[w]here it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "[I]f there is even a fair possibility that the stay … will work damage to someone else," the moving party must show hardship or inequity will result absent a stay for a stay to be proper. *Landis*, 299 U.S. 248 at 255.

When considering a motion to stay, courts within the Ninth Circuit have considered three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding

---

[1] *Fritsch v. Swift* was originally filed December 10, 2015, in the California Superior Court for the County of San Bernardino, Case No. CIVDS1518012. After some procedural ping pong, the case is now pending in the federal district court for the Central District of California.

2

duplicative litigation. *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); *see also Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007).

### III. DISCUSSION

Weighing the competing interests of the parties, the Court finds a stay is not appropriate here. First, there is a strong possibility that a stay will damage Defendant due to the indefinite nature of the requested stay (premised on resolution of the related case), coupled with the undue delay in resolving Defendant's Motion for Summary Judgment pending before this Court (ECF No. 39). Indeed, a stay pending the outcome of another case should only be granted if it "appears likely the other proceedings will be concluded within a reasonable time." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1111 (9th Cir. 2005). Here, the related case has ping-ponged between the state and district courts at least three times, went up to the Ninth Circuit Court of Appeals once, and now remains pending in the Central District, with no apparent end in immediate sight. *Fritsch v. Swift Transportation Co. of Arizona, LLC*, No. EDCV172226JGBSPX, 2018 WL 6427722 (C.D. Cal. Dec. 3, 2018). Further, Plaintiffs have provided no end in sight, rather they seek a stay of an "undefined duration," requiring status updates from the parties with the only proposed end date being when the Court "lift[s] the stay at its discretion." (ECF No. 57 at 3:25-27.)

Second, Plaintiffs have offered little to no showing of any hardship or inequity they would experience if required to move forward, citing only that a stay would "preserve the parties' and judicial resources litigating claims now certified in State Court." (ECF No. 57 at 4:1-2.) This argument is unavailing because granting the stay would significantly complicate the case by requiring the Court to rule on only part of the summary judgment motion pending before it (or to defer ruling indefinitely, as discussed above). Plaintiffs argue staying the motion will not prejudice the parties because a "significant amount of discovery has been completed . . . [t]herefore, preservation of facts and memories of witnesses is not an issue." But notably, this argument cuts against Plaintiffs' claim that a stay would preserve resources because, apparently, significant time has already been spent litigating this matter. (ECF No. 57 at 3:19-21.)

Third, and most significantly, Plaintiffs' argument that denying a stay may result in inconsistent rulings is without merit. The Superior Court in *Fritsch* has defined the class as:

> All employees of Swift Transportation Co. of Arizona LLC, who have worked in California between December 7, 2011, and the present as yard hostlers, who do/did not cross state lines in performance of their duties and have not received full and correct pay for all hours worked.

(ECF No. 57 at 1:24-26.) That proposed class is explicitly limited to yard hostlers who do not and/or have not crossed state lines. Here, Plaintiffs have admitted that interstate travel was part of their execution of job duties. (ECF No. 45 at 1:15-16.) Therefore, the proposed classes are distinct, and the outcome of the *Fritsch* case is not likely to impact the proceedings in the case at bar.

**IV. CONCLUSION**

For the reasons set forth above, the Court hereby DENIES Plaintiffs' Motion to Stay proceedings pending an outcome in *Fritsch*.

IT IS SO ORDERED.

Dated: January 30, 2020

Troy L. Nunley
United States District Judge